United States District Court
Southern District of Texas
**ENTERED**
October 01, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE ANGEL MARTINEZ,     §
    Plaintiff,               §
                             §
v.                       §     CIVIL ACTION NO. 1:20-cv-127
                             §
FAMILY DOLLAR STORES     §
OF TEXAS, LLC.,          §
    Defendant.               §

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 23, 2020, Plaintiff Jose Angel Martinez filed suit against Defendant Family Dollar Stores of Texas, LLC, in the 444th District Court in Cameron County, Texas. Dkt. No. 1-2. Martinez alleges that he was injured when he slipped and fell on a slippery floor at a Family Dollar store in Harlingen, Texas. Id.

On July 30, 2020, Family Dollar was served. Dkt. No. 1-1.

On August 20, 2020, Family Dollar timely removed the case to this Court. Dkt. No. 1. Family Dollar alleged that diversity jurisdiction exists in this case. Id.

On September 8, 2020, Martinez filed a motion to remand. Dkt. No. 5. Martinez argued that Family Dollar did not establish that every member of the LLC was diverse from her, negating any claim to jurisdiction. Id.

On that same day, Family Dollar filed an amended notice of removal, which specified that the individual members of the LLC were all non-Texas residents. Dkt. No. 6.

On September 11, 2020, Family Dollar filed its response to the motion to remand. Dkt. No. 8.

After reviewing the record and the relevant case law, the Court concludes that diversity jurisdiction is present in this case. The amount in controversy exceeds $75,000, and all of the parties are diverse. Accordingly, the motion for remand should be denied.

## I. Background

### A. Factual Background

On October 6, 2019, Martinez slipped and fell at the entrance to a Family Dollar store in Harlingen, Texas. Dkt. No. 1-2.  Martinez alleges that he suffered permanent, but unspecified, physical injuries as a result of the fall. Id.

### B. Procedural History

On January 23, 2020, Martinez filed suit against Family Dollar in the 444th District Court in Cameron County, Texas. Dkt. No. 1-2.  Martinez seeks relief based on the alleged negligence of Family Dollar for not cleaning up the condition which caused him to slip and fall. Id.  Martinez seeks between $200,000 and $1,000,000 in damages.

On July 30, 2020, Family Dollar was served. Dkt. No. 1-1.  There is no explanation in the record for the six-month delay.

On August 20, 2020, Family Dollar timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1.  Family Dollar noted that the amount in controversy exceeded $75,000. Id.  It also alleged that the parties are diverse because Martinez is a citizen of Texas and Family Dollar is a citizen of North Carolina. Id.

On September 8, 2020, Martinez filed a motion to remand. Dkt. No. 5.  Martinez argues that because Family Dollar is a limited liability corporation, its citizenship is based on the citizenship of each of its members. Id.  Martinez further argues that the removal was jurisdictionally defective because it did not list the citizenship of every member of the LLC. Id.

On that same day, Family Dollar filed an amended notice of removal. Dkt. No. 6. Family Dollar alleged that, as an LLC, its members are Family Dollar Stores of Ohio and Family Dollar Holdings. Id.  Family Dollar alleges that each of its members are citizens of North Carolina — as well as the LLC itself — making all of the parties diverse from Martinez. Id.

On September 11, 2020, Family Dollar filed a response to the motion to remand, arguing that the amended notice of removal "conclusively establishes complete diversity between the parties." Dkt. No. 8.

Martinez did not file a reply brief.

## II. Applicable Law

### A.  Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).  The record is clear that Martinez seeks between $200,000 and $1,000,000 in damages. Dkt. No. 1-2.  The dispute centers upon whether the notice of removal established that the parties are diverse from each other.

### B. Removal

As noted, the Court has "original jurisdiction" in cases premised upon diversity jurisdiction. § 1332(a)(1).  Furthermore, where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b).

The party seeking removal bears the burden of showing that jurisdiction exists, and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

## III. Analysis

Garcia has filed a motion to remand, arguing that Family Dollar's removal was defective because it did not state the citizenship of each member of the LLC.  This argument is unavailing.

For purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).  Family Dollar, in its amended notice of removal, has alleged that it has two members: Family Dollar Stores of Ohio and Family Dollar Holdings. Dkt. No. 6. It further alleged that both of these members are citizens of North Carolina, making them diverse from Martinez. Id.  Martinez has not argued or shown that these allegations of citizenship are factually incorrect.

While the original notice of removal did not state the citizenship of the members, this flaw is not fatal.  The Court may permit a party to amend its notice of removal to cure "defective allegations of jurisdiction." 28 U.S.C. § 1653.  The Fifth Circuit has held that

this statute "should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." Menendez v. Wal-Mart Stores, Inc., 364 F. App'x 62, 66 (5th Cir. 2010) (citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1258 n. 5 (5th Cir. 1988) & Whitmire v. Victus Ltd., 212 F.3d 885, 887–88 (5th Cir. 2000)).  The amended notice of removal in this case cures the technical failure to allege the citizenship of each member of the LLC.

Diversity jurisdiction is present in this case and the motion to remand should be denied.

## IV. Recommendation

It is recommended that the motion to remand filed by Plaintiff Jose Angel Martinez be denied. Dkt. No. 5.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on October 1, 2020.

Ronald G. Morgan
United States Magistrate Judge

4