Case 1:20-cv-00127   Document 22   Filed on 09/23/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 23, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ANGEL MARTINEZ, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:20-cv-127 | |
| § | | |
| FAMILY DOLLAR STORES § | | |
| OF TEXAS, LLC, § | | |
|     Defendant. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 23, 2020, Plaintiff Jose Angel Martinez filed a complaint in the 444th District Court in Cameron County, Texas, asserting a claim of premises liability against Defendant Family Dollar of Texas, LLC. Dkt. No. 1-2. Martinez alleges that he slipped on a substance on the store's floor, causing injuries. Id. On August 20, 2020, Family Dollar timely removed the case to this Court within 30 days of being served. Dkt. No. 1-1.

On August 13, 2021, Family Dollar filed a motion for summary judgment, which is currently before the Court. Dkt. No. 18. Martinez did not file a response.[1]

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Martinez has not shown a genuine dispute of material fact as to his premises liability claim.

### I. Background

#### A. Factual Background

On October 6, 2019, David Garza was the only employee working at a Family Dollar store in Harlingen, Texas. Dkt. No. 18-2. Garza was working as the cashier. Id. A customer

---

[1] Typically, if a party fails to respond to a motion, it is considered unopposed. Local Rule 7.4. The Court, however, may not simply grant a dispositive motion as unopposed; it must consider the merits of the motion. Webb v. Morella, 457 F. App'x 448, 452 (5th Cir. 2012) (citing John v. State of La. (Bd. of Trustees for State Colleges & Universities), 757 F.2d 698, 709 (5th Cir. 1985)). The Court, however, is not required "to survey the entire record in search of evidence to support a non-movant's opposition." Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996).

picked up a toy near the register and began playing with it. Id., p. 2.  The toy "popped," and liquid slime came out of the toy. Id.  Garza "used paper towels to clean up the immediate area of the cash register." Id.

Roughly one minute after the slime popped out of the toy, Martinez entered the store. Dkt. No. 18-2, p. 2.  Garza was unaware that some of the slime had landed on the floor near the entrance. Id.  Martinez slipped on the slime, falling, and causing injuries. Id.  Garza states that one other customer entered the store between the toy popping and Martinez slipping, and that customer did not slip or report any slippery substances on the floor. Id.  After Martinez fell, Garza cleaned up the slime at the entrance and placed wet floor signs in the area. Id.

In his deposition, Martinez admitted that he did not know how long the substance had been on the floor prior to entering the store. Dkt. No. 18-3, p. 4.

**B. Procedural Background**

On January 23, 2020, Martinez filed a complaint in the 444th District Court in Cameron County, Texas, asserting a claim of premises liability against Family Dollar. Dkt. No. 1-2.  Martinez sought damages for medical expenses, physical pain, mental anguish, physical impairment, costs, and interest. Id, pp. 5.  Martinez pled that he sought damages of between $200,000 and $1,000,000. Id.

On July 30, 2020, Family Dollar was served with process. Dkt. No. 1-1.

On August 20, 2020, Family Dollar timely removed the case to this Court based on diversity jurisdiction. Dkt. No. 1.  No party challenges jurisdiction in this Court. Dkt. No. 11, p. 2.

On August 13, 2021, Family Dollar filed a motion for summary judgment. Dkt. No. 18.  In its motion, Family Dollar argued that there is no genuine dispute of material fact as to whether Family Dollar had actual or constructive knowledge of any dangerous conditions on their premises. Id.

Martinez has not filed a response.  On September 9, 2021, the Court ordered Martinez to show cause, no later than September 16, 2021, as to why the Court should not

consider the motion to be unopposed. Dkt. No. 21. Martinez did not file a response to the Court order.

## II. Applicable Law

### A. Diversity Jurisdiction

As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). In his complaint, Martinez seeks damages in excess of $200,000. Dkt. No. 1-1. Furthermore, Martinez is a citizen of Texas and Family Dollar is a Delaware corporation. Dkt. No. 1. No party disputes these facts. Diversity jurisdiction is clear in this case. "Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[2] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

That being said, the motion for summary judgment must be decided using the procedures established by FED. R. CIV. P. 56. Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 217 n 3 (5th Cir. 1989); C.R. v. American Institute for Foreign Study, Inc., 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.).

### B. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the

---

[2] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

outcome of the suit. Id.  Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008).  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752.  Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).  Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075.  Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

### C. Premises Liability

In order to prove premises liability, the plaintiff must establish: "(1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not

4

exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's or occupier's failure to use such care proximately caused the plaintiff's injury." Pay and Save, Inc. v. Martinez, 452 S.W.3d 923, 926 (Tex. App.-El Paso 2014) (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99–100 (Tex. 2000)).

To establish knowledge, the plaintiff must show that: (1) the defendant placed the dangerous condition on the floor; or (2) the defendant actually knew that the dangerous condition was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. Pay and Save, 452 S.W.3d at 926 (citing Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002)).

### III. Analysis

As the plaintiff, Martinez has the burden of proving his claims at trial. Strunk v. Belt Line Road Realty Co., 225 S.W.3d 91 (Tex. App.–El Paso 2005). Accordingly, Martinez must show, for purposes of resolving this motion, that there is, at least, a genuine dispute of material fact as to each element of his claim. Norwegian Bulk Transport A/S, 520 F.3d at 412.

**A. Premises Liability**

Martinez has asserted a claim of premises liability, namely, that the substance that he slipped on was a dangerous condition that Family Dollar had the duty to remedy.

To defeat the premises liability claim, Martinez is required to point to record evidence reflecting: (1) that the substance posed an unreasonable risk of harm; (2) that Family Dollar knew or should have known about the danger; (3) that Family Dollar failed to reduce or eliminate the risk; and (4) that this failure proximately caused Martinez's injury. Pay and Save, 452 S.W.3d at 926.

Neither party challenges the existence of a genuine dispute of material fact as to whether the substance posed an unreasonable risk of harm; or whether Family Dollar failed to reduce or eliminate the risk. The Court will assume for the purposes of discussion that the slip-and-fall caused Martinez's injuries. Thus, the issue before the Court is whether Family Dollar knew or should have known about the danger.

5

To meet this element, Martinez must show that Family Dollar: (1) put the substance on the floor; or (2) knew that the substance was on the floor; or (3) that the substance had been on the floor long enough for Family Dollar to have had a reasonable opportunity to discover it and remedy the situation. Pay and Save, 2014 WL 7011799, *2.

Martinez has never asserted that Family Dollar employees placed the substance on the floor or that any Family Dollar employee had actual knowledge that the substance was near the entrance. Accordingly, the Court will focus its attention upon whether there is evidence that the substance had been on the floor long enough for Family Dollar to have a reasonable opportunity to discover it.

"Temporal evidence, the length of time that the dangerous condition existed, provides the best indication of whether the [defendant] had a reasonable opportunity to discover a dangerous condition." Coward v. H.E.B., Inc., 2014 WL 3512800, *4-5 (Tex. App.-Houston [1 Dist.] 2014) (unpubl.). Indeed, "[t]emporal evidence is necessary for the fact-finder to conclude that the store owner had an opportunity to discover the dangerous condition." Id. (emphasis added).

Martinez stated that he did not know how long the substance had been on the floor. Dkt. No. 18-3. The only temporal evidence is Garza's testimony that the substance had been on the floor for about a minute when Martinez slipped. Dkt. No. 18-2.

Courts have held that time periods of much longer than a minute were insufficient to show that the premises owner had a reasonable opportunity to discover it. See Threlkeld v. Total Petroleum, Inc., 211 F.3d 887, 894 (5th Cir. 2000) (fact that water may have been on bathroom floor for as long as 45 minutes did not show that store had reasonable opportunity to discover it); Sturdivant v. Target Corp., 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006) (water being on floor for five minutes was insufficient to show that store had reasonable opportunity to discover it); Brookshire Food Stores, L.L.C. v. Allen, 93 S.W.3d 897, 901 (Tex. App. 2002) (evidence that grapes were present on floor for approximately 15 minutes was insufficient). Given these precedents, the Court cannot say that Family Dollar had a reasonable opportunity to discover the dangerous condition.

The fact that Garza was near the dangerous condition does not show that Family Dollar had a reasonable opportunity to discovery the slippery substance. Rather, it "merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it" Wal-Mart Stores v. Reece, 81 S.W.3d 812, 816 (Tex. 2002) (emphasis original).

Because Martinez cannot sustain his burden to show that Family Dollar had a reasonable opportunity to discover the dangerous condition, he has failed to meet an essential element of his claim. Furthermore, because there is no evidence that Family Dollar should have known about the condition, there is similarly no evidence to show that Family Dollar acted unreasonably in failing to reduce or eliminate the risk. For these reasons, Family Dollar is entitled to summary judgment as to the premises liability claim.

## IV. Recommendation

It is recommended that Family Dollar's motion for summary judgment be granted, Dkt. No. 18.

It is further recommended that judgment be entered for Family Dollar as to all of Martinez's claims and that Martinez take nothing, with each party responsible for its own fees and costs.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

      DONE at Brownsville, Texas on September 23, 2021.

                                            _____
                                            Ronald G. Morgan
                                            United States Magistrate Judge